S. A. HALE *v.* PATRICK FOLEY ;  S. H. MACOMBER, TRUSTEE, AND A. C. DIXON, CLAIMANT.

*Trustee Process.   Assignment of Chose in Action.*

The defendant owed the claimant, and gave him a demand against N. to collect and give him credit for.   The claimant made a writ on the demand, and sent it to the trustee, with directions to serve it, unless N. paid the demand and costs, in which event, to send the money to him.   N. paid the demand, but before the trustee could send it to the claimant, he was trusteed.   *Held,* that the money belonged to the claimant.

TRUSTEE PROCESS.   Foley owed Dixon $9.85, and gave him a claim of $10 against Nevins, to collect and give him credit for. Dixon made a writ on the claim, and sent it to Macomber, with instructions to serve it, unless Nevins paid him the $10, and $1 for the writ, and his fees ; in which event Macomber was instructed to send the $10 to Dixon in a registered letter.   Nevins paid Macomber the money ; but before Macomber had time to send it to Dixon, he was trusteed in this suit.   After the writ was served on the trustee, Dixon asserted a lien on the fund, for $2.03, for the writ, and other services in and about the collection of said claim.   The court, at the September term, 1874, PIERPOINT, Ch. J., presiding, adjudged the trustee chargeable, and that the funds did not belong to the claimant.   Exceptions by the trustee and claimant.

*L. F. Wilbur*, for the trustee and claimant.

Foley's verbal assignment of the debt against Nevins to Dixon, was valid at law and in equity. *Noyes* v. *Brown & Tr.* 33 Vt. 431; Drake Attach. §§ 610–614. Dixon had a right to collect his claim against Nevins, in the name of the assignor; and the rights of the assignee will be protected in the claim, while doing so. *Stiles* v. *Farrar*, 18 Vt. 444; *Gleason* v. *Owen*, 35 Vt. 590; *Halloran* v. *Whitcomb*, 43 Vt. 306; Drake Attach. § 604. The trustee was the assignor's agent, acting under his express directions in collecting and receiving the $10 from Nevins; and the payment of the money to Macomber was a payment in law to Dixon. *Felker* v. *Emerson*, 17 Vt. 101; *Tilton et al.* v. *Miller & Co. et al.* 34 Vt. 576; Drake Attach. §463. The plaintiff had no greater right to the funds than the defendant had, which was none at all. *Edson* v. *Sprout & Tr.* 33 Vt. 77; Drake Attach. §§ 463, 604; *Kettle* v. *Harvey & Tr.* 21 Vt. 301; 7 Mass. 438. Even if Nevins and the trustee were ignorant of the terms of the assignment of the claim from Foley to Dixon, or of the interest and rights of Dixon in the money, Macomber cannot be held the trustee of Foley. *Hart et als.* v. *Farmers & Mechanics' Bank*, 33 Vt. 252; *Walker* v. *Sargent*, 14 Vt. 247, 252; *Downer* v. *Marsh & Tr.* 28 Vt. 558. And the trustee was only accountable to Dixon for the money. *Fuller* v. *Jewett & Tr.* 37 Vt. 473; *Yates* v. *Hurst et al. & Tr.* 41 Vt. 556.

The trustee cannot be held chargeable, as there must be a privity of contract and of interest between the trustee and the defendant; and in this case there is neither privity of contract or of interest between them. Drake Attach. §§ 485, 487, 490; *Barnard* v. *Graves & Tr.* 16 Pick. 41.

*S. C. Palmer* and *A. V. Spaulding*, for the plaintiff.

If there was an assignment of the debt against Nevins by Foley to Dixon, notice thereof to Nevins and Macomber was necessary, to protect the debt from trustee process. *Newell* v. *Adams*, 1 D. Chip. 346; *The Safford Cotton &c. Company* v. *Hull*, Brayt. 231; *Briton* v. *Preston, Tr.* 9 Vt. 257,

The opinion of the court was delivered by

BARRETT, J.    Foley owed Dixon, the claimant; Nevins owed Foley.    Foley put his claims against Nevins into Dixon's hands for him to collect, and to credit the avails in payment of his debt against Foley.    Dixon employed Macomber, the trustee, to get the money of Nevins, and pay the same over to him—Dixon. Macomber got the money, and was then trusteed by the plaintiff in this suit.    In the hands of Macomber, was that the money of Foley or of Dixon ?    We answer, Dixon.

The judgment is reversed, and judgment is rendered that the trustee be discharged with costs to him and to the claimant.